# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

KYRON MCGINNIS AND
JERMONE JACKSON

VERSUS

RANDALL ROOKS,
ET AL

CIVIL ACTION

NO. 18-612-SDD-EWD

## NOTICE AND ORDER

Before the Court is a Notice of Removal filed by defendant Cherokee Insurance Company ("Cherokee").[1] Cherokee represents that its co-defendants, Royal Trucking Company and Randall Rooks, who have not yet been served, have consented to the removal (without waiving formal service).[2] Cherokee removed this matter from state court on June 6, 2018, asserting that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.[3] The Notice of Removal makes the following allegations regarding the citizenship of the parties:

8.

> Despite the allegations of Plaintiffs' Petition that plaintiff, Kyron McGinnis, is a resident of the State of Georgia, the true facts reveal that Kyron McGinnis is a resident of the State of Louisiana

9.

> While the police report notes that McGinnis's driver's license was issued by the State of Georgia, the report also notes that the area code of his telephone number is for the New Orleans area (504). *See* State of Louisiana Uniform Motor Vehicle Traffic Crash Report, attached hereto as Exhibit "D."

---

[1] R. Doc. 1.
[2] R. Doc. 1, ¶¶ 3-4.
[3] R. Doc. 1, ¶ 20.

1

10.

Plaintiff McGinnis's medical records demonstrate that he has received care and/or treatment repeatedly and constantly in the New Orleans area from the time of July 14, 2017 accident through the present. In fact, on July 19, 2017, four days after the subject accident, McGinnis was initially seen at LA Health Solutions and listed his New Orleans address. *See* attached Exhibit "E", Patient Intake Form from LA Health Solutions.

11.

Plaintiff has continued to treat at LA Health Solutions through at least March 16, 2018. *See* attached Exhibit "F", bill from LA Health Solutions. All of plaintiff's medical treatment from the date of the accident has been in the State of Louisiana.

12.

Additionally, when McGinnis's vehicle was appraised following the subject accident, he provided his New Orleans address. *See* attached Exhibit "G", Bayou Appraisal Service, Inc., appraisal report.

13.

Based upon the New Orleans area address given by McGinnis to his medical providers, his New Orleans area telephone number, and his continued and constant treatment in New Orleans over the period of approximately half a year, it is clear that Plaintiff Kyron McGinnis is not, in fact, a resident and domiciliary of Georgia, as claimed in his Petition. Rather, he is resides in New Orleans. A person's residence is prima facie his domicile. *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954).

14.

Plaintiff Kyron McGinnis is a resident and domiciliary of the State of Louisiana, as discussed above.

15.

Plaintiff Jermone Jackson is a resident of the State of Louisiana. *See* copy of Plaintiff's Petition for Damages, which is attached hereto as Exhibit "A."

Proper information regarding the citizenship of all parties is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. In the Notice of Removal, citizenship has been adequately alleged as to all of the defendants.[4] However, it is not clear from the Notice of Removal that complete diversity exists because citizenship has not been adequately alleged with respect to either of the plaintiffs.

The Notice of Removal asserts that defendant Rooks is a citizen of the State of Georgia.[5] The plaintiffs' Petition alleges that plaintiff Kyron McGinnis ("McGinnis") is also a resident of, "and domiciled in," the State of Georgia, which appears to defeat complete diversity.[6] However, Cherokee claims that "the true facts reveal" that McGinnis "is a resident and domiciliary of the State of Louisiana."[7] The purported facts upon which Cherokee relies for this assertion include that McGinnis provided a telephone number with a New Orleans-based area code (*i.e.*, 504) to the police at the time of the July 2017 accident giving rise to the lawsuit, McGinnis provided a New Orleans-based address to some of his medical providers and the appraisal service that appraised his damaged vehicle, and McGinnis received treatment at New Orleans-area hospitals from the date of the July 2017 accident until approximately March 2018.[8]

The Fifth Circuit has explained that, "For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citations omitted). Furthermore, "[f]or adults, domicile is established by physical presence in a

---

[4] 28 U.S.C. §1332(a) also requires that the amount in controversy exceed the sum of $75,000, exclusive of interest and costs. The pleadings and attached documentation indicate that the amount in controversy requirement is met as to each plaintiff. R. Doc. 1, ¶ 6, R. Doc. 1-5, and R. Doc. 1-6.
[5] R. Doc. 1, ¶ 5.
[6] R. Doc. 1-4, p. 1.
[7] R. Doc. 1, ¶¶ 8, 14, R. Doc. 1-4, p. 1.
[8] R. Doc. 1, ¶¶ 9-12.

3

place in connection with a certain state of mind concerning one's intent to remain there." *White v. I.N.S.*, 75 F.3d 213, 215 (5th Cir. 1996) (citing *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48, 109 S.Ct. 1597, 1608, 104 L.Ed.2d 29 (1989)). Thus, to properly allege the citizenship of an individual, a party must identify the individual's domicile.

Cherokee's evidence that McGinnis used/is using a New Orleans-based telephone number, residence, and medical providers for less than one year does not conclusively establish plaintiff McGinnis's intent to remain in Louisiana so as to be considered a Louisiana domiciliary. Indeed, Cherokee admits that McGinnis claims to be a Georgia resident in his Petition and provided a Georgia-issued driver's license to the police.[9]

Likewise, Cherokee's Notice of Removal does not adequately identify the citizenship of plaintiff Jermone Jackson ("Jackson") because it alleges that Jackson "is a resident of the State of Louisiana."[10] As explained above, the citizenship of an individual is based upon the individual's domicile, not mere residence.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Cherokee Insurance Company shall file a memorandum and supporting evidence concerning subject matter jurisdiction within ten (10) days of the date of this Notice and Order, and that plaintiffs Kyron McGinnis and Jermone Jackson shall either file a memorandum and supporting evidence regarding subject matter jurisdiction or a Motion to Remand for lack of subject matter jurisdiction within ten (10) days after the filing of Defendant's memorandum. The supplemental memoranda shall be limited to ten (10) pages and shall specifically address whether there is diversity jurisdiction under 28 U.S.C. § 1332. Once the

---

[9] R. Doc. 1, ¶¶ 8-9, R. Doc. 1-7.
[10] R. Doc. 1, ¶ 15.

Court has reviewed the supplemental memoranda, the Court will either allow the case to proceed if jurisdiction is present or address the Motion to Remand filed by the plaintiffs.

Signed in Baton Rouge, Louisiana, on June 12, 2018 .

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**